IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


JUDY L. VAN DYKE                                        PLAINTIFF


        v.                        CIVIL NO. 17-5205


NANCY A. BERRYHILL, Commissioner
Social Security Administration                          DEFENDANT


## MEMORANDUM OPINION

Plaintiff, Judy L. Van Dyke, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on March 24, 2015, alleging an inability to work since March 11, 2015, due to memory problems, anxiety, depression, migraines, fatigue, insomnia, difficulty being around people and severe hot flashes. (Tr. 59, 189, 193).  An administrative hearing was held on April 20, 2016, at which Plaintiff appeared with counsel and testified. (Tr. 35-58).

By written decision dated August 29, 2016, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 20). Specifically, the ALJ found Plaintiff had the following severe impairments: migraine

1

headaches, major depressive disorder, and generalized anxiety disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 21). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she must avoid concentrated exposure to extreme cold and heat, avoid concentrated exposure to hazards, such as dangerous machinery and unprotected heights. She can do work limited to simple, routine and repetitive tasks involving only simple, work related decisions with few, if any, workplace changes and no more than incidental contact with coworkers, supervisors and the general public.

(Tr. 23). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a housekeeper as actually and generally performed. (Tr. 28).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 18, 2017.[1] (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314

---

[1] With respect to the additional evidence from the relevant time period that was submitted to the Appeals Council, the Appeals Council made the following determination, "We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence." The Court notes that, here, as the Court found in Benoit v. Berryhill, although the Appeals Council denied Plaintiff's request for review and indicated that it did not consider or exhibit the evidence, the Appeals Council's decision reflects that the Appeals Council received the additional records; that it reviewed these records; and that it concluded that these records did not provide a basis for changing the decision of the ALJ. See Benoit v. Berryhill, 2018 WL 4554519 *7 (E.D. Mo. 2018).

F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.  See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 11th day of January 2019.


/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE